### PATRICK *v.* LEACH and others.

*(Circuit Court, D. Nebraska.  May, 1881.)*

1. ATTORNEY LIEN FOR FEES—JUDGMENT—LACHES.
    Where an attorney at law has obtained a judgment for his client, on which he is entitled by law to a lien for his fees, and has perfected his lien in accordance with the provisions of the law, he may enforce it, notwithstanding a compromise and settlement made by his client with the other party, although he has not made himself a party to the record.

2. SAME—ATTORNEY INTERVENING.
    Where it is necessary, in a suit to set aside such a judgment, to protect the attorney's lien, that he be made a party to the suit, the court will allow him to intervene therein.

In Equity.

*J. M. Woolworth*, for plaintiff.

*Cowin* and *Howe*, pro se.

McCRARY, J.    These petitioners are the attorneys for the respondent Leach, and were his attorneys in the state court in which the judgment was rendered against complainant, which is sought to be enjoined. They claim a lien upon that judgment for attorney's fees. They filed their lien in the state court, but whether they gave the notice required by law is a matter of dispute; petitioners asserting that they did, and Patrick that they did not.

The petitioners say that they relied upon their lien, and did not anticipate that their client would undertake to settle and satisfy the judgment without their consent, and that, therefore, they did not deem it necessary for the protection of their rights to make themselves parties. Their client, Leach, did, however, prior to the announcement of a decision by the court in this case, enter into an agreement

of compromise and settlement with Patrick, whereby the judgment was to be satisfied and canceled. The case was subsequently decided by this court upon the merits, and without reference to the settlement in favor of Patrick, and a decree was prepared enjoining the collection of said judgment.

On the twenty-ninth of April last the petitioners presented the present application. The decree in this case had been previously prepared and approved by the judge; but, in view of the filing of this application, the decree, though signed on the first of April, was not filed, but held by the judge until a hearing upon this application could be had. The case is, therefore, not yet finally disposed of, and it is within the power of the court to modify or cancel altogether the decree which has been signed, but not filed or recorded. The court has not, up to the present moment, lost control of the case. The record has not been finally made up. The application may, therefore, be considered upon its merits. We conclude:

1. That petitioners were not guilty of laches in not making this application sooner. They were not bound to anticipate a settlement and cancellation of the judgment. They had a right to presume that their rights would be regarded by their client, and that it would not be necessary for them, as against him, to be made parties to this suit in order to preserve any right they had by virtue of their claim of lien upon the judgment.

2. That, under the peculiar circumstances, injustice may be done the petitioners if they are not made parties. If, for example, an appeal from the decree of this court shall be prosecuted in the name of the defendant Leach alone, it would probably be dismissed by the supreme court on the ground of the settlement. To this he could not object; but the petitioners, if parties, could, upon the ground that they are not bound by the settlement. If parties, the petitioners could appear and have a hearing in the supreme court upon the merits; and if, upon the merits, the decree of this court should be reversed, they would be entitled to the enforcement of their lien, if it shall prove to be valid, notwithstanding the settlement may be held binding upon Leach. On the other hand, if the present application be denied, and Leach's appeal should be dismissed on the ground of the settlement, the result would be that the petitioners would be concluded upon the question of their lien, and at the same time deprived of the benefit of an appeal; in other words, the decree of this court would be rendered, as to them, final.

3. As to the question whether Patrick had notice of the lien of petitioners, upon the present showing there is a conflict of testimony. The petitioners charge notice; Patrick denies it. There is an issue of fact, and a fair question to be litigated. We do not decide it either way at present, but hold that if the decree of this court upon the merits should be reversed, they ought upon a rehearing to be heard upon it.

4. As this court holds the judgment ought to be canceled and satisfied, it follows that we must also hold that the petitioners have no right under their claim of lien; but before rendering final decree we will make them parties in order to give them the benefit of an appeal. There need be no delay.

Let the petitioners be made defendants, and file their bill of intervention at the present term within a time certain to be fixed. They can only be heard upon the record as it stands. They cannot, because of the misconduct of their client, be permitted to reopen the case for taking further testimony. Final decree will, therefore, be entered at this term, and an appeal allowed.